# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * * *
SAPNA PATEL, \*
\*   No. 20-903V
        Petitioner, \*   Special Master Christian J. Moran
\*
v. \*   Filed: December 1, 2023
\*
SECRETARY OF HEALTH \*
AND HUMAN SERVICES, \*
\*
        Respondent. \*
* * * * * * * * * * * * * * * * * * * * *

<u>Maximillian J. Muller</u>, Muller Brazil, LLP, Dresher, PA, for Petitioner.
<u>Kimberly S. Davey</u>, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Sapna Patel's motion for final attorneys' fees and costs. She is awarded $24,363.10.

\*   \*   \*

On July 24, 2020, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34.

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

Petitioner alleged that the influenza vaccination she received on October 10, 2018, which is contained in the Vaccine Injury Table, 42 C.F.R. 100.3(a), caused her to suffer a shoulder injury related to vaccination administration. After respondent contested entitlement, petitioner submitted an expert report from Dr. Todd Michener, a board-certified orthopedic surgeon. Thereafter, the parties engaged in settlement discussions and on May 22, 2023, a stipulation was filed, which the undersigned adopted as his decision awarding compensation on May 25, 2023. 2023 WL 4045225.

On June 21, 2023, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $19,332.60 and attorneys' costs of $5,030.50 for a total request of $24,363.10. Fees App. at 2. Pursuant to General Order No. 9, counsel for petitioner represents that no personal incurred any costs related to the prosecution of this case. Id. at 2. On June 22, 2023, respondent filed a response to petitioners' motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

\*   \*   \*

Because petitioner received compensation, she is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e). Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

    A.    Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349.  There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty.  Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl.  Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following rates for the work of her counsel, Mr. Maximillian Muller, the rate of $325.00 per hour for work performed in 2019 , the rate of $350.00 per hour for work performed in 2020, the rate of $375.00 per hour for work performed in 2021, the rate of $400.00 per hour for work performed in 2022, and the rate of $425.00 per hour for work performed in 2022.These rates are consistent with what counsel has previously been awarded for his Vaccine Program work, and the undersigned finds them to be reasonable herein for work performed in the instant case. See Wylie v. Sec'y of Health & Human Servs., 20-1314V, 2023 WL 2987660 (Fed. Cl. Spec. Mstr. Apr. 18, 2023).

    B.    Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed.  Cir. 1993).  The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds the request to be reasonable. The billing entries contain sufficient detail to permit the undersigned to assess their reasonableness, and upon review none appear to be objectionable. Respondent also has not indicated that he finds any of the billing entries to be objectionable. Therefore, petitioner is awarded final attorneys' fees in the amount of $19,332.60.

    C.    Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner's requests a total of $5,030.50 in attorneys' costs. This amount is comprised of acquiring medical records, the Court's filing fee, postage and work performed by petitioner's expert, Todd Michener, M.D.

For the performed by Dr. Michener, petitioner requests a total of $4,250.00, comprised of 8.5 hours of work billed at $500.00 per hour. The undersigned was unable to find any prior instances of Dr. Michener performing Vaccine Program work, however the undersigned finds the overall total amount for Dr. Michener's work to be reasonable and shall award the amount in full. Petitioner has provided adequate documentation supporting the requested costs and all are reasonable in the undersigned's experience. Petitioner is therefore awarded final attorneys' costs of $5,030.50.

D.    Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$24,363.10** (representing $19,332.60 in attorneys' fees and $5,030.50 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Mr. Maximillian Muller.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.